Feliciano Berríos, Petitioner, *v.* District Court of Guayama, Respondent.

No. 1270. Argued January 28, 1942.—Decided February 9, 1942.

*M. Guzmán Texidor* for petitioner. *Angel M. Torregrosa* for interveners, plaintiffs in the main action.

Mr. Justice Todd, Jr., delivered the opinion of the court.

In the case of Heirs of Alicea *v.* Feliciano Berríos, an action of debt originally brought in the Municipal Court of Cayey under Act No. 10 of 1921 (Session Laws, p. 112), an appeal was taken to the District Court of Guayama. Before the case had been set for hearing, the plaintiffs asked leave of the court to amend the complaint so as to join as parties plaintiff other heirs of Julián Alicea who had been omitted as such parties plaintiff from the original complaint. The defendant objected, but the district court, after hearing the parties, allowed the filing of the amended complaint which the plaintiffs had attached to their motion and set the case for hearing on the merits. The defendant then instituted the present certiorari proceeding in this court and assigned as errors of procedure (1) that the lower court had allowed the plaintiff to amend its complaint, contrary to the decision in

*Santana* v. *Court,* 58 P.R.R. 572, and (2) had set the hearing of the case to be tried on its merits without "according to the defendant an opportunity to answer said complaint or to plead to the same, thus depriving the defendant of a legitimate right."

■ As to the first error, it was held by this court in *Santana* v. *District Court, supra,* construing section )(*a*) of the Act to regulate appeals from judgments of municipal courts in civil cases, as amended by Act No. 31 of 1934 (Session Laws, p. 292), that "in appeals from municipal courts to district courts, pleadings can only be amended by leave of court when it grants a demurrer to the complaint or the answer."

Therefore, the fundamental question involved in this appeal is whether the plaintiff, in an action brought under Act No. 10 of 1921 in a municipal court and taken on appeal to the district court, may in the latter court amend the complaint on leave of court, where no demurrer has been interposed by the defendant.

The case at bar was not prosecuted under the general law governing appeals from municipal courts, which was construed in *Santana* v. *District Court, supra,* but under the special Act of 1921, *supra,* whose section 5 provides as follows:

"Section 5.—From such judgments as the municipal court may render, an appeal may be taken to the proper district court within ten days after service of notice on the losing party. Within five days after an appeal has been taken the secretary shall forward the original records in the case to said district court, which shall proceed to a trial *de novo,* subject to the procedure herein established and also irrespective of the calendar."

What are the original records in the case and what is the procedure referred to in said section? They are specified in sections 1 and 2 of said act as follows:

"Section 1.—In all civil cases to recover money involving an amount not greater than one hundred (100) dollars or concerning a

partnership contract involving an amount of not more than one hundred (100) dollars, the defendant may file a simple complaint in the municipal court having jurisdiction in the matter and the judge of said court shall issue a summons to the parties interested, together with a copy of the complaint, for such parties to appear within three days after such summons should the defendant reside within the municipal district, and within six days in other cases. If the defendant resides outside of Porto Rico, summons shall be served through edicts pursuant to the Code of Civil Procedure and the trial shall be held within five days after the publication of the last edict.

''Section 2.—At said hearing, the defendant party or parties shall answer in writing, and the court shall then proceed to hear the evidence offered by both parties, in the shortest time possible, and said answer may include any set-off or counter claim of the defendant. Should any of the defendants fail to appear, he shall be adjudged in default, but the judge shall hear the plaintiff's evidence and shall decide the case in accordance therewith.''

This court has heretofore construed said act in several decisions, but it has never dealt with a determined particular point raised in the case at bar. However, some of those decisions indicate what was the legislative intent in enacting the special law. Thus, in *Rivera* v. *Aybar*, 32 P.R.R. 504, 506, a motion was filed in a municipal court for a change of venue of a case prosecuted under the special Act of 1921, and a demurrer was attached to the motion. Upon the motion being denied, a certiorari proceeding was instituted in the district court and the writ issued having been discharged, an appeal was taken to the Supreme Court which affirmed the judgment appealed from, saying:

''We have said that the Code of Civil Procedure is applicable to municipal courts and that code provides that a motion for change of venue must be made upon answering or demurring to the complaint; but thereafter, or on April 29, 1921, the Legislature passed Act No. 10 establishing special proceedings in the municipal courts for claims not exceeding $100. . . .

''As this act provides for special procedure different from that of the Code of Civil Procedure, the question for decision is whether, inasmuch as it says nothing with regard to the filing of a demurrer by the defendant and merely provides for an answer to the com-

plaint at the hearing, the motion for transfer should be made upon answering or whether it may be made upon demurring, as the appellant now contends.

"It is true, as the appellant maintains, that a defendant may appear and demur to the complaint, although he is summoned to answer, but this is so because section 105 of the Code of Civil Procedure authorizes the defendant to demur to the complaint or answer it; *yet as the Act of 1921 establishes a special procedure and says nothing about a demurrer made before answering and orders that the defendant shall answer at the hearing, we are of the opinion that he can not demur before answering and that he must answer the complaint, albeit he may include a demurrer in the answer. For this reason, in order that the defendant may move for a change of venue he must accompany his motion by an answer, and in this case it was not sufficient to file a demurrer to the complaint, because this kind of pleading is not allowed in cases coming under Act No. 10 of 1921; therefore, section 82 of the Code of Civil Procedure allowing a motion for a transfer at the time of demurring to the complaint has been modified in this respect.*" (Italics ours.)

Subsequently, in *Puig v. District Court*, 41 P.R.R. 560, it was held, quoting from the syllabus, that—

"Where an appeal has been taken from a municipal court to a district court in an action instituted under Act No. 10 of 1921 (Session Laws, p. 112), a dismissal of the appeal on the ground that the appellant has failed to include his case in the calendar, in accordance with Act of March 11, 1908 (Comp. Stat. 1911, sec. 5334), as amended by Act No. 93 of 1917, promulgated on March 31, 1919, does not lie. Such an appeal must be prosecuted, by express provision of law, irrespective of the calendar."

In the opinion, which was delivered by Mr. Chief Justice del Toro, this court said:

"In our opinion, the district court evidently erred in applying to the special proceeding referred to in Act No. 10 of 1921 the rules prescribed by the Act of 1908, regulating appeals from municipal courts to district courts, thereby contravening not only the spirit but also the letter of section 5 of said Act No. 10 of 1921."

And finally, in *Suárez v. District Court*, 49 P.R.R. 798, 800, the intent of the Legislature in passing the Act of 1921

was made still clearer by the holding that section 5 thereof did not amend Section 1 of the Act of 1908 (Comp. Stat., sec. 5332) as amended by Act No. 13 of 1917 (Session Laws, vol. II, p. 224) regulating appeals from judgments of municipal courts. Acording to section 5, *supra,* the clerk shall forward the original records in the case to the district court within five days after an appeal has been taken, whereas according to section 1, it is the duty of the appellant to file in the office of the clerk of the court a transcript of therecord within 20 days from the filing of the notice of appeal, and it is expressly provided therein that in case of failure to file said transcript within the statutory term or within any extension granted by the court, the appeal shall be dismissed. Construing both sections this court, speaking through Mr. Justice Hutchison, said:

"The provision that 'If the transcript is not filed in the district court within the time prescribed or within such additional time as may have been granted by the court for the purpose, the appeal shall be dismissed' has been held to be mandatory. *Guadalupe* v. *Berga, District Judge,* 29 P.R.R. 277, and *Blondet* v. *Flores,* 35 P.R.R. 197. The question is whether this provision of the amendment of 1917 is applicable in a case of this kind.

"We cannot assume with petitioner that the effect of the Law of 1921 is merely to shorten the 20-day period prescribed by the amendment of 1917. Section 5 of the Act of 1921 is not an amendment of the Act of 1908, as amended in 1917.

". . . Neither the Law of 1921 nor the amendment of 1917 requires the district judge to dismiss an appeal from the municipal court in the cases covered by the Act of 1921 upon failure of the secretary of the municipal court to 'forward the original records' within 5 days as provided by that law.

"The obvious purpose of the Act of 1921 was to facilitate a speedy dispensation of substantial justice by a simplification and relaxation of the ordinary rules of procedure. The spirit of the law demands that cases within its purview shall be promptly disposed of on their merits not only in the municipal court but by a speedy trial *de novo* in the district court. With this end in view

it relieves the appellant from the necessity of preparing a transcript within 20 days and instead requires the secretary of the municipal court to forward the original record within 5 days. This was not a mere shortening of the period within which the transcript was to be filed in the district court. It was the establishment of an entirely new and different period as well as an entirely new and different method of transferring the cause from the municipal to the district court. It may be conceded that the law did not relieve appellant of all responsibility by making it the duty of the secretary of the municipal court to forward the record within 5 days to the district court. *There is, however, no evidence of any intention to deprive the district judge of all discretion as to whether an appeal should be dismissed merely because the secretary of the municipal court may have failed or refused to transmit the original record within the statutory 5 days.* The provision that the district judge must dismiss an appeal, regardless of circumstances, upon failure of the appellant to file a transcript within the 20 days prescribed by the amendment of 1917 *is drastic enough without expanding that provision so as to require him to dismiss an appeal, taken under the Law of 1921, upon failure of the secretary of the municipal court to forward the original record within 5 days as required by that law.*

"By the Act of 1921 the Legislature has made the special proceeding so simple that any intelligent litigant may safely conduct his own case. *The effectiveness of such legislation depends largely upon the manner in which the municipal and the district judges direct the course of the proceeding. Much must of necessity be left to the exercise of a sound judicial discretion. Manifestly much has been left by the Legislature to the exercise of such a discretion.* It has placed no limitation on the discretion of the district judge as to the dismissal of appeals. The district court was right, we think, in refusing to inject into the special proceeding the hard and fast rule laid down in the final paragraph of the amendment of 1917. Neither layman nor lawyer would have any reason to believe, on reading the Act of 1921, that a district judge could not refuse to dismiss an appeal in a meritorious case. To hold that he has no discretion in this regard would be subversive of the purpose of the Act of 1921.

"Our conclusion is that a district judge, notwithstanding the mandatory provision of the amendment, may exercise a sound discretion in disposing of a motion to dismiss an appeal taken under

section 5 of the Law of 1921 for failure to file the record within the period of five days.'' (Italics ours.)

Applying the above holdings to the case at bar, we conclude that, as there is no provision in the special Act of 1921 limiting the discretionary powers of either the municipal or the district courts to allow amendments to the pleadings, it must be conceded that they may do so in appropriate cases, and that the provisions of section 3 of the general law regulating appeals from judgments of municipal courts, as construed in *Santana* v. *District Court, supra,* is not applicable to cases prosecuted under the special Act of 1921. This latter act, as stated in *Rivera* v. *Aybar, supra,* does not authorize the interposition of demurrers unless filed with the notice of appeal itself. That a case might arise where the plaintiff himself might become aware that his complaint lacked some substantial element which ought to be supplied by amending the complaint is shown by the case at bar. The heirs of Rivera, plaintiffs, notwithstanding their having amended the complaint in the municipal court so as to join other heirs who had been left out, became aware, when the case had already been taken on appeal to the district court, that there were some other heirs who should have been joined as parties plaintiff, and they asked leave of the court to file an amended complaint supplying that omission. In support of its ruling allowing the filing of the amended complaint in the exercise of its discretionary power, the lower court in its decision said:

"This court thinks that, in view of the facts, the plaintiff may amend its complaint without necessarily waiting for the filing of a demurrer for defect of parties plaintiff, as it might well happen that with knowledge of such defect the defendant, as happens in the case at bar, should omit the filing of any demurrer so as to prevent the plaintiff after a trial from obtaining a judgment.

"Under such circumstances, we think that to refuse the plaintiff to amend its complaint would be arbitrary and, moreover, the spirit and purpose of the law on the matter would not be attained as the same has been construed by our highest court."

Our conclusion is that the lower court did not abuse its discretion and that the first assignment of error is without merit.

The second assignment is likewise without merit, for although, according to Section 2 of the 1921 Act, *supra,* as construed in *Rivera* v. *Aybar, supra,* the defendant must answer the complaint, enclosing with his answer any demurrer he may choose to interpose on his appearance when summoned, the petitioner in the instant case and defendant in the lower court was not deprived of an opportunity to answer the amended complaint or to plead thereto and, therefore, he was not deprived of any legal right.

The petition is denied and the writ issued discharged.